somewhat conflicting, but we are clear from a consideration of it that the finding of the master that no such agreement was made is amply sustained by the evidence.

There is, however, an error in the decree which was evidently made by inadvertence. The decree finds that appellant and appellee have a lien concurrent with each other on the premises for the amounts due them respectively, and it is provided that, unless these amounts are paid, the property be sold by the master and out of the proceeds of the sale, after paying the costs, etc., the master shall pay appellee the amount found due him, and if there is any surplus he shall bring the same into court. The decree should have provided that the parties be paid in the proportion of their respective interests out of the proceeds if there was sufficient money to do so. The decree, therefore, will be modified in this regard, and as so modified is affirmed.

*Decree modified and affirmed.*

---

**Louis H. Mahnke, Jr., Administrator, Appellee, v. P. J. Harmon, Appellant.**

**Gen. No. 23,119.   (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded. Opinion filed October 31, 1917.

### Statement of the Case.

Action by Louis H. Mahnke, Jr., administrator of the estate of Louis H. Mahnke, deceased, plaintiff,

against P. J. Harmon, defendant, on a promissory note. There was judgment for plaintiff, entered by confession, for $1,556.83, which defendant moved to vacate. From the order denying the motion to vacate, defendant appeals.

McMahon & Graber, for appellant.

J. Walter Stead, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

### Abstract of the Decision.

1. Judgment, § 88*—*what question considered on appeal from order denying motion to vacate judgment by confession.* On appeal from an order denying a motion to vacate a judgment entered by confession, the only question to be considered is whether the affidavit submitted in support of the motion set up a prima facie defense.

2. Judgment, § 82*—*when affidavit in support of motion to vacate judgment by confession on promissory note presents defense.* An affidavit in support of a motion to vacate a judgment entered by confession on a promissory note which avers that affiant is and was discount teller of a bank of which defendant was president and that the note was without consideration and was given by defendant to procure the payment by plaintiff's intestate of a loan made by the bank to the latter through defendant's procurement, and that such loan had never been paid by plaintiff's intestate, who had also never requested that the note be paid, is sufficient to establish a prima facie defense to the note.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.